IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS, LOCAL 611,

    Petitioner,

v.                                                         Case No: 18-CV-865

PUBLIC SERVICE COMPANY OF NEW
MEXICO,

    Respondent.

## PETITION TO ENFORCE ARBITRATION AWARD

COMES NOW Petitioner, International Brotherhood of Electrical Workers, Local 611 ("IBEW"), by and through its counsel, Youtz & Valdez, P.C. (Shane Youtz, Stephen Curtice, James Montalbano), and hereby requests that this Court enter an order confirming and enforcing an arbitration award issued pursuant to the Collective Bargaining Agreement between the parties, and as grounds therefore states:

1.    Petitioner brings this matter to the Court pursuant to Section 301 of the Labor-Management Relations Act (29 U.S.C. § 185) ("LMRA") and Section 10 of the Federal Arbitration Act (9 U.S.C. § 10) ("FAA").

2.    Section 301(a) of the LMRA (29 U.S.C. § 185(a)) provides: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." A suit under that provision is the appropriate vehicle to enforce an arbitration award procured under an

agreement to arbitrate in a collective bargaining agreement.  *See Textile Workers Union v. Cone Mills Corp.*, 268 F.2d 920, 925 (4th Cir. 1959).

3. Both Petitioner and Respondent maintain their principal offices within this judicial district; as such, this Court has jurisdiction over the subject matter and parties and venue is proper in this Court.  *See* 28 U.S.C. § 1331 (subject matter jurisdiction); 28 U.S.C. § 1391 (venue); 29 U.S.C. § 185 (jurisdiction and venue).

4. Petitioner is a "labor organization" as that term is defined in the National Labor Relations Act ("NLRA"), 29. U.S.C. § 152(5).  *See also* 29 U.S.C. § 142(3) ("labor organization" and "employer" have the same meaning under LMRA as under the NLRA).

5. Respondent is an "employer" as that term is defined in the NLRA, 29 U.S.C. § 152(2).  *See also* 29 U.S.C. § 142(3) ("labor organization" and "employer" have the same meaning under LMRA as under the NLRA).

6. Petitioner and Respondent are parties to a Collective Bargaining Agreement ("CBA"), effective December 15, 2015, through April 30, 2020.  Relevant portions of the CBA are attached hereto as Exhibit 1.

7. The CBA contains Grievance and Arbitration articles, which provide a process that is to be the "exclusive means by which either party may seek to resolve any dispute or grievance arising under the provisions of this Agreement." Ex. 1, at art. 10(A).  A "grievance" is defined as "a dispute between the parties hereto with respect to the interpretation or application of the provisions of this Agreement or to the application of a specific policy to a specific employee."  *Id.*  As Article12 "No Strike-No Lockout" makes clear, this dispute resolution machinery is the quid pro quo for the Union giving up its right to strike; in that article, the parties agreed not to resort to their economic weapons and that "any differences which may arise

between the above-mentioned parties shall be settled by the grievance/arbitration procedure outlined in this Agreement."

8. A dispute arose between the parties regarding the continued application of a thirty-year old agreement between the parties variously referred to as the "administrative section" of or "preface" to the job description manual, following the adoption of a section of the CBA which purported to eliminate all prior agreements. A copy of that document is attached hereto as Exhibit 2. It is undisputed that this was an agreement between the Union and the Company that dates from the mid-1980s.

9. Specifically, the question was whether this prior agreement was eliminated by Article 38 of the CBA. That article (which was first introduced in the 2012 CBA and carried forward to the 2015 CBA) provides, in relevant part, "All mutual agreements, 'For the Record Statements', memorandums of understanding, and *any other agreements* between the parties not contained in this collective bargaining agreement shall be considered null and void upon the effective date of this contract, *with the sole specific exception* of those listed in the Addendum to this contract and the following:". (Emphasis added). The "administrative section" or "preface" of the Job Description Manual is not listed in Article 38 or contained in the Addendum to the contract.

10. As required by the Grievance and Arbitration articles, the Union filed a grievance regarding this dispute; a copy of the grievance documents are collectively attached hereto as Exhibit 3.

11. Following the exhaustion of the grievance steps, the matter was submitted to arbitration before Michael S. Hill and given FMCS Case No. 18-01694. An arbitration hearing was held on July 12, 2018, in Albuquerque, New Mexico, and the record was closed with the

submission by the parties of post-hearing briefs on August 13, 2018.  A copy of the Union's post-hearing brief is attached hereto as Exhibit 4, and the Company's as Exhibit 5.  The hearing was not recorded or transcribed.

12. A copy of Arbitrator Hill's August 17, 2018, Arbitration Award is attached hereto as Exhibit 6.  After reviewing the CBA, the documentary evidence and the testimony of the witnesses, Arbitrator Hill determined that "The preamble or administrative section of the Union Job Descriptions Manual is null and void from July 7, 2012 through the duration of the 2015 collective bargaining agreement effective December 5, 2015 to April 30, 2020."

13. On September 11, 2018, Sherry Leeson, Lead Labor Relations Consultant with PNM, sent the email attached hereto as Exhibit 7 to Shannon Fitzgerald, Assistant Business Manager of IBEW Local 611.  In it she states:  "This email is to let you know the Company has sent a communication to supervisors of bargaining unit employees about the FMCS No. 18-01694 job description arbitration. Essentially, the Company believes the decision is wrong and it exceeds the arbitrator's authority under Article 11, disregards the NLRB's decision, is not supported by the evidence or the language in the CBA and more importantly ignores the fact that the language in question is included in every job description. Therefore, the Company will continue to follow and rely on the Administrative Section of the Job Description Manual as it is included in every job description."  Thus, the Company has indicated that it will refuse to abide by the decision of the arbitrator issued in accordance with the CBA.

14. Per this Court's usual practice, Petitioner will file a Motion for Summary Judgment once this Petition has been served and a response has been provided.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter a judgment declaring that Defendant is obligated to comply with the

Arbitrator's award, and that Defendant has breached its obligation in failing and refusing to do so;

2. Order Defendant to comply with the award;

3. Award Plaintiff costs and reasonable attorney fees incurred in this action; and

4. Provide such other relief as may be just and proper.


Dated:  September 14, 2018                    Respectfully submitted,

**YOUTZ & VALDEZ, P.C.**

                /s/ Stephen Curtice
Shane Youtz
shane@youtzvaldez.com
Stephen Curtice
stephen@youtzvaldez.com
James A. Montalbano
james@youtzvaldez.com
900 Gold Avenue S.W.
Albuquerque, NM  87102
(505) 244-1200 – Telephone
(505) 244-9700 – Facsimile

*Counsel for Petitioner IBEW Local 611*