## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS, LOCAL 611,

      Petitioner/Cross-Respondent,

v.                                     1:18-cv-865 WJ/JHR

PUBLIC SERVICE COMPANY OF
NEW MEXICO,

      Respondent/Cross-Petitioner.

### MEMORANDUM OPINION AND ORDER DENYING
### PETITIONER/CROSS-RESPONDENT'S MOTION FOR ORDER TO SHOW CAUSE

THIS MATTER is before the Court on Petitioner/Cross-Respondent International Brotherhood of Electrical Workers, Local 611 (IBEW)'s Motion for Order to Show Cause (**Doc. 37**). The Court, having reviewed the Parties' briefing and considered the applicable law, finds that the Motion is not well-taken and is therefore, **DENIED**.

### BACKGROUND

IBEW filed its Petition to Enforce Arbitration Award in 2018. (Doc. 1.) IBEW and Respondent/Cross-Petitioner Public Service Company of New Mexico ("PNM") were parties to a Collective Bargaining Agreement ("CBA"), and a dispute arose as to the interpretation of the CBA and its effect on the Union Job Description Manual. (Doc. 32 at 1–2.) The matter was submitted to arbitration before Michael S. Hill ("Hill Arbitration"). (Doc. 1-6, "Arbitrator's Decision and Award.") The issue presented in the Hill Arbitration was "whether a preamble to job descriptions/classifications was null and void" because it was not among the provisions listed as remaining in effect after the CBA. (*Id.* at 3.) The Arbitrator found in favor of IBEW, concluding

that the preamble, also known as the preface or administrative section[1], to the Union Job Descriptions Manual was null and void for the duration of the CBA.  (*Id.* at 18.).  PNM informed IBEW that it believed that the Arbitrator came to an erroneous conclusion and had exceeded his authority and, as such, PNM would not comply with his decision.  (Doc. 1).

      The Parties then each sought relief in this Court, with IBEW seeking to enforce the Arbitrator's award and PNM seeking to vacate it.  (*See* Doc. 32, "May 2019 Order.")  This Court granted IBEW's motion for summary judgment and denied PNM's request to set aside or vacate the arbitration award.  (*Id.*)  In confirming the arbitration award, the Court was mindful that the standard of review for such an award is "among the narrowest known to law."  *THI of N.M. at Vida Encantada, LLC v. Lovato*, 864 F.3d 1080, 1083 (10th Cir. 2017) (internal citation marks and quotation omitted).[2]  So long as the Arbitrator's award "dr[ew] its essence from the [CBA]," it had to be enforced.  *Int'l Bhd. of Elec. Workers, Local Union No. 611 v. Pub. Serv. Co.*, 980 F.2d 616, 618 (10th Cir. 1992).  Accordingly, it was incumbent upon the Court to confirm the award, even if the Court would have reached a different interpretation of the CBA.  *See United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 599 (1960).  In a case such as this, upon judicial review the Court does not necessarily decide whether the Arbitrator's interpretation of the contract was right or wrong, but "whether the arbitrator (even arguably) interpreted the parties' contract."  *THI of N.M. at Vida Encantada*, 864 F.3d at 1083.  Because the Court concluded PNM failed to meet its exceptionally high burden for vacatur of the award, the Court was required by Section 9

---

[1] For sake of consistency, the Court refers to the preamble, preface, or administrative section as the "Administrative Section" throughout this Memorandum Opinion and Order.

[2] The Court's discussion of this standard when coming to its decision to confirm the arbitration award is found at page 10 of the Court's Memorandum Opinion and Order Granting Plaintiff/Cross-Defendant's Motion for Summary Judgment and Denying Defendant/Cross Claimant's PNM's Motion for Summary Judgment and Memorandum Brief in Support of PNM's Cross-Petition to Set Aside or Vacate Arbitration Award and in Opposition to The Union's Petition to Enforce Arbitration Award.  (Doc. 32.)

of the Federal Arbitration Act to confirm the Hill Arbitration award.  *See id.* at 1084.  Judgment

was entered in favor of IBEW against PNM, (Doc. 33), and PNM did not file a timely appeal.

IBEW now asks the Court to hold PNM in civil contempt on the grounds that PNM has

continued to rely on the Administrative Section declared null and void in the Hill Arbitration.

(Doc. 37 at 12.)  Specifically, IBEW alleges that following this Court's May 2019 Order, (Doc.

32), PNM sent IBEW a letter regarding a separate grievance–that is–a different grievance from the

grievance underlying the Hill Arbitration.  (Doc. 37-1.)  In that letter, PNM relied on the

Administrative Section as a basis for denying the grievance.  (*Id.*)  IBEW replied to the letter and

asserted its position that the May 2019 Order barred PNM's reliance on the Administrative Section

in future disputes.  (Doc. 37-2 at 2.)  PNM responded that it disagreed with IBEW's "position

regarding the effect and scope of Arbitrator Hill's award."  (Doc. 37-3.)  PNM further stated that

because the new dispute was a "different grievance involving different circumstances," it would

be for a new Arbitrator to decide what preclusive effect, if any, the Court's order in the instant

matter would have on the new dispute.  (*Id.*)  IBEW then filed the instant motion.

## DISCUSSION

To establish a case for civil contempt, the party seeking contempt "has the burden of

proving, by clear and convincing evidence, that a valid court order existed, that the defendant had

knowledge of the order, and that the defendant disobeyed the order."  *Reliance Ins. Co. v. Mast

Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998) (internal citations omitted).  Denial of civil

contempt motion is reviewed for abuse of discretion.  *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 226

(10th Cir. 1979).

In this case, IBEW's contempt argument is, in essence, that PNM is failing to give

preclusive effect to the Court's Order affirming the Hill Arbitration.  This contention is premised

on language in the Order directing PNM "to comply with the arbitrator's decision and award." (Doc. 32 at 13.).   As IBEW reads this language, PNM is no longer permitted to challenge the Administrative Section—in any dispute—because it was deemed null and void in the Hill Arbitration.   Any challenge is, according to IBEW, a violation of the Court's May 2019 Order, warranting a finding of civil contempt.

IBEW's analysis misses the mark.   IBEW is correct that in order for the Court to find PNM in civil contempt, it would first need to conclude that PNM violated the Court's Order.   But finding a violation would necessarily require determining the preclusive effect of that Order.   In other words, if the Order has no preclusive effect, then reliance on the Administrative Section in the context of a new, separate and discreet dispute is, at least arguably, permissible.   On the other hand, if the Order *does* have preclusive effect, then continued reliance on the Administrative Section is, at least potentially, improper.

This is where IBEW's case for contempt fails.   The preclusive effect of a prior adjudication is a matter to be decided in a subsequent adjudication.   *Medellin v. Texas*, 552 U.S. 491, 513, n. 9 (2008) ("The first court does not get to dictate to other courts the preclusion consequences of its own judgment.") (citation omitted); *see also Consolidation Coal Co. v. UMW, Dist. 12*, 213 F.3d 404, 408–09 (7th Cir. 2000) (Posner, C.J.) (explaining that the preclusive effect of judicial confirmation of an arbitration award is "extremely limited" because "[a]ll it amounts to is a determination that there is no basis for upending that award; *the effect on subsequent awards must be left to the arbitrators who make them*") (emphasis added).   Stated another way, the propriety of PNM's continued reliance on the Administrative Section and its challenge to the preclusive effect of the May 2019 Order is a matter to be decided in the subsequent dispute, not this case.   *See Shell Oil Co. v. CO2 Comm., Inc.*, No. CIV 07-1033 RB/WDS, 2008 U.S. Dist. Lexis 130636, at *13–

14 (D.N.M. May 16, 2008) *rev'd in part on other grounds*, 589 F.3d 1105 (10th Cir. 2009) (holding that the preclusive effect of the Court's previous confirmation of an arbitration award was a question for a subsequent proceeding).  IBEW is attempting to have this Court, out-of-context and without the details of the new dispute, decide whether the Hill Arbitration should govern disputes between itself and PNM going forward.  Such relief, while couched by IBEW as a matter of contempt, is plainly a matter of preclusion, to be decided under the law of preclusion, not the law of contempt.

IBEW attempts to distinguish this matter from a case cited by PNM, *Shell Oil Co.*, *id.*, arguing that in *Shell*, the losing party could comply with the first award while simultaneously disputing that the second matter required the same result.  (Doc. 41 at 3–4.)  IBEW argues that such competing positions are impossible here.  (*Id.* at 4.)  The Court disagrees.  Indeed, IBEW's own Motion reveals that PNM's purported violation of the Court's Order, its reliance on the Administrative Section, is in the context of a dispute separate from the dispute underlying the Hill Arbitration.  (Doc. 37 at 7.)  There is nothing suggesting PNM has failed to comply with the Arbitrator's award or the Court's May 2019 Order in the context of the dispute underlying those decisions.  Thus, PNM appears to be complying with the Court's order in this case, while simultaneously disputing the preclusive effect of the Order in a separate dispute.  Such conduct by PNM does not constitute civil contempt of the Court's May 2019 Order.

## CONCLUSION

IBEW's request for civil contempt would force the Court to improperly decide the preclusive effect of its prior order in a new, separate dispute which is not before this Court.  Accordingly, for this and all the foregoing reasons, IBEW's Motion for Order to Show Cause (**Doc. 37**) is **DENIED.**

**IT IS SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE